GRACE HOLLOWAY v. THE STATE.

No. 4874. Decided February 13, 1918.

**Keeping Disorderly House—Indictment—Grand Jury—Persons in Grand Jury Room.**

Where the record showed that during the deliberations of the grand jury touching the indictment against the defendant, that unauthorized persons were with the grand jury, the motion to quash should have been sustained under the evidence adduced. Following Stuart v. State, 35 Texas Crim. Rep., 440, and other cases.

Appeal from the County Court of Tom Green. Tried below before the Hon. Chas. T. Paul.

Appeal from a conviction of keeping a disorderly house; penalty, a fine of two hundred dollars and twenty days confinement in the county jail.

The opinion states the case.

*Anderson & Upton,* for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.—On question of indictment found in presence of unauthorized persons during deliberations of grand jury: Wilson v. State, 41 Texas Crim. Rep., 115; McElroy v. State, 49 id., 604; Moody v. State, 57 id., 76; Haywood v. State, 61 id., 92; Porter v. State, 72 Texas Crim. Rep., 71, 160 S. W. Rep., 1194; Sims v. State, 45 Texas Crim. Rep., 705.

MORROW, JUDGE.—Appellant was convicted under a charge of keeping a disorderly house.

This is a companion case of Bobbie McGregor v. State, No. 4873, from Tom Green County, this day decided. The errors complained of in this case are the same as in the other. For the reasons given in the other case, this judgment is reversed and the cause remanded.

*Reversed and remanded.*